**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Plainview Milk Cooperative, a Minnesota non-profit cooperative,

Plaintiff,

vs.

Westport Insurance Corporation, a New York Stock Company,

Defendant.

**Court File No. 01-CV-63 (DWF/AJB)**

**STIPULATION AND ORDER**

---

## STIPULATION

Plaintiff Plainview Milk Cooperative ("Plainview"), by and through the undersigned attorneys and defendant Westport Insurance Corporation, by and through the undersigned attorney, hereby stipulate that Plainview should be granted leave to amend its Complaint as set forth in the First Amended Complaint attached hereto as Exhibit A.

Dated: May 18, 2001

**OPPENHEIMER WOLFF & DONNELLY LLP**

By: Timothy C. Krsul

Edward F. Fox (#3132X)
Timothy C. Krsul (#289814)

Plaza VII Building, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000

**ATTORNEYS FOR PLAINTIFF PLAINVIEW MILK COOPERATIVE**

MAY 29 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: May 22, 2001

**RIDER, BENNETT, EGAN & ARUNDEL, L.L.P.**

By: ______________________
John Wackman (251884)

333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612) 340-7951

**ATTORNEY FOR DEFENDANT WESTPORT INSURANCE CORPORATION**

Lewis K. Loss
Daniel Aronowitz
Brian L. Owsley
**ROSS, DIXON & BELL, L.L.P.**
601 Pennsylvania Ave. N.W.
North Building
Washington, D.C. 20004-2688
Telephone: (202) 662-2000

**ATTORNEY FOR DEFENDANT WESTPORT INSURANCE CORPORATION**

**ORDER**

Based on the above Stipulation, it is hereby ORDERED that Plaintiff Plainview Milk Cooperative is hereby granted leave to amend its complaint as set forth in the First Amended Complaint attached hereto as Exhibit A.

Dated: 5/25, 2001

BY THE COURT:

______________________
Arthur J. Boylan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Plainview Milk Cooperative, a Minnesota non-profit cooperative,

Plaintiff,

vs.

Westport Insurance Corporation, a New York Stock Company,

Defendant.

**Court File No. 01-CV-63 (DWF/AJB)**

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

---

Plaintiff Plainview Milk Cooperative ("Plainview"), for its First Amended Complaint for Declaratory Relief against Defendant, Westport Insurance Corporation ("Westport"), states and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over the subject matter of this dispute is conferred by 28 U.S.C. Sections 1332(a)(1) and 1441(a). Plaintiff Plainview is a non-profit cooperative organized and incorporated under the laws of Minnesota and maintains its principal place of business in Minnesota. Westport is a corporation organized under the laws of the State of New York and maintains its principal place of business in Kansas. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue exists in this Court because the insurance contract that is the subject of this dispute was negotiated with and issued to Plainview in Minnesota. The defendant that sold the insurance policy to Plainview was either:

a. Licensed or authorized to do business in Minnesota; or

EXHIBIT A

b. Transacting the business of insurance sales in Minnesota during the relevant time period.

## NATURE OF ACTION

3. This is an action for declaratory relief pursuant to Minn. Stat. § 555.01 *et seq.* and/or U.S.C. § 2201 *et seq.*

4. Plainview is engaged in business as a not for profit Minnesota dairy cooperative. A claim was made by Marigold Foods ("Marigold") against Plainview alleging overpayment for purchase of certain dairy products ("the Marigold Claim").

5. For the period 10/1/99 through 10/1/2000 Westport provided Plainview with nonprofit organization liability protection under a policy providing primary coverage of one million dollars ("the Westport Policy").

6. The Westport Policy provides coverage for all "loss" liability resulting from "civil claims," which includes coverage for "wrongful acts."

7. The Westport Policy obligates defendant to provide a complete and thorough defense to Plainview against all allegations of the Marigold Claim.

8. Plainview seeks a judicial declaration that the Westport Policy provides coverage to Plaintiff for the Marigold Claim, that defendant is obligated to reimburse Plainview the costs of defending the Marigold Claim, and further that defendant is obligated to indemnify Plainview for the settlement of the Marigold Claim as governed by Minnesota law.

## THE INSURANCE POLICIES AT ISSUE

9. Westport issued Policy No. NPN-461950-3 for the period of 10/1/99 through 10/1/2000 providing liability protection to Plainview for both defense and indemnity. The Westport Policy was a renewal of Policy No. NPN-461950-2 which had been issued by Coregis Insurance Company and which was for the period of 10/1/98 through 10/1/99 (the "Coregis

Policy."). When appropriate, the Westport Policy and Coregis Policy are collectively referred to as the "Policy".

10. The Westport Policy issued to Plainview provided broad coverage pursuant to the following pertinent provisions:

> We will pay on the "insureds" [sic] behalf all "loss" for which the "insured" shall be legally obligated to pay resulting from civil "claims" that are made against the "insured" because of a "wrongful act," provided that the "claim" is first made during the "policy period" and written notice of said "claim" is received by us no later than sixty (60) days after the expiration date of the "policy period".
>
> We have the right and duty to defend, including the selection of counsel, even if any of the allegations are groundless, false or fraudulent. We shall have the right to make such investigation, negotiation and settlement of any "claim" as we deem expedient.
>
> "Loss" means any amount which the "insured" is legally obligated to pay for any "claim" or "claims" made against the "insured" during the "policy period" for "wrongful acts," and includes compensatory damages, prejudgment interest, judgment and settlements.
>
> "Wrongful act(s)" means any actual or alleged error or omission, negligent act, misleading statement, or breach of duty committed by an "insured" in the performance of duties on behalf of the "entity".

A copy of the Westport Policy is attached to this Complaint as Exhibit A.

11. The Coregis Policy likewise provided broad coverage. The Coregis Policy, however, provided coverage for claims made for "monetary damages" as opposed to "consequential damages" as set forth in the Westport Policy. The Coregis Policy had an endorsement requiring a defense for any demands for "relief or redress in any form other than monetary damages". The endorsement also added to the definition of claim under the insurance clause for any judicial proceeding in which the insured may be subjected to "liability for damages or other relief." The endorsement eliminated an exclusion that excluded any claims for relief in any form other than money damages. Under the Coregis Policy, Plainview had coverage and the

benefit of indemnification for claims for monetary damages and all other relief, including equitable relief such as restitution. A copy of the Coregis Policy is attached to this Complaint as Exhibit B.

12. The Westport Policy, which was represented as merely a renewal of the Coregis Policy, contained a substantially modified, more restrictive endorsement. It required a defense of all demands for relief other than monetary damages, but the endorsement did not expressly include within the scope of indemnity coverage, claims for monetary damages and all other relief, including equitable relief such as restitution. These revisions were significant and resulted in a substantial reduction in Plainview's coverage.

13. The Coregis Policy likewise had an exclusion which excluded from coverage the insured's "personal profit or advantage." The Coregis Policy did not apply to profit or advantage realized by the Nonprofit Corporation, only to those "persons" who were likewise named insureds. In the Westport Policy, the term "personal" had been eliminated and the language "unjust enrichment" was inserted. These revisions were significant and resulted in a substantial reduction in Plainview's coverage.

14. On or about April 15, 1998, Coregis and Westport notified Plainview that Westport's affiliated entity, General Electric Capital Services Corporation had purchased Coregis and that Plainview's policy would be transitioned to Westport. The notice indicated that the Coregis policy was simply being reformatted. Neither in that notice nor at any other point in time, however, did Westport provide Plainview with written notice that there would be a substantial reduction in its coverage. In the April 15, 1998 notice, Westport and Coregis lead Plainview to believe that there would be no change in coverage by indicating that the "Westport insurance specialists are the same Coregis insurance professionals who previously handled your coverage needs." Westport and Coregis merely indicated that Plainview's policy would merely be

"reformatted". Neither Westport nor Coregis ever notified Plainview that its coverage was going to be substantially reduced. Plainview likewise did not pay a reduced premium to Westport even though its coverage was reduced substantially. A copy of the April 15, 1998 Notice is attached hereto as Exhibit C.

## THE UNDERLYING CLAIM

14. In or about May 2000, Marigold asserted a claim for overpayment of $771,573.00 to Plainview Cooperative-member farmers ("the Member Farmers") for direct purchase of the Member Farmers' dairy product during the years 1998-1999.

15. The claim arose from a programming change by the USDA that resulted in the Member Farmers receiving higher prices for the milk they sold to Marigold.

16. Plainview tendered the Marigold Claim to Westport in May 2000. On June 2, 2000, Westport wrote to Plainview acknowledging receipt of the claim and agreeing to investigate the matter further.

17. On August 9, 2000, Westport finally provided its coverage position to Plainview by denying coverage for the Marigold Claim. Westport refused to defend or indemnify Plainview.

18. On August 26, 2000, Plainview wrote to Westport explaining why Westport's analysis of the Marigold Claim was in error thereby making the carrier's denial of coverage wrongful.

19. On September 7, 2000, counsel for Plainview again wrote to Westport requesting Westport's acknowledgement of coverage for the Marigold Claim, advising Westport of Plainview's intent to enter into a good faith settlement agreement with Marigold, and requesting Westport's participation in such negotiations and settlement agreements. On the same date,

counsel for Westport wrote to Plainview acknowledging receipt of Plainview's August 26, 2000 letter and agreeing to respond within two weeks.

20. On September 20, 2000, counsel for Westport wrote to Plainview reaffirming Westport's previous denial of coverage for the Marigold Claim based again upon erroneous facts. In the same correspondence, Westport declined to contribute to any proposed settlement agreement between Plainview and Marigold.

21. On or about September 27, 2000, after having been abandoned by Westport, Plainview entered into and completed a settlement with Marigold wherein Plainview agreed to pay damages to Marigold in exchange for a release of the entire Marigold Claim. A copy of the documents memorializing the settlement have been provided to Westport and its counsel.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment: Applicable Policy Terms)**

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth at length herein.

23. The Coregis Policy provided coverage for "monetary damages" as opposed to only "consequential damages" as set forth in the Westport Policy. The Coregis Policy had an endorsement that required a defense for any demands for "relief or redress in any form other than monetary damages". The endorsement added to the definition of claim any judicial proceeding in which the insured may be subjected to "liability for damages or other relief." The endorsement eliminated an exclusion that excluded any claims for relief in any form other than money damages. Under the Coregis Policy, Plainview had coverage for monetary damages and all other relief, including equitable relief such as restitution. The Westport Policy, which was merely a renewal of the Coregis Policy, contained a substantially modified endorsement. It required a defense for all

demands for relief other than monetary damages, but the endorsement eliminated any amendment of the term "claim" with respect to the insurer's indemnity obligation. These were significant and material revisions and that resulted in a substantial reduction in Plainview's coverage.

24. On or about April 15, 1998, Coregis and Westport notified Plainview that Westport's affiliated entity, General Electric Capital Services Corporation had purchased Coregis and that Plainview's policy would be transitioned to Westport. The notice indicated that the Coregis policy was simply being reformatted. Neither in that notice nor at any other point in time, however, did Westport provide Plainview with written notice that there would be a substantial reduction in its coverage. In the April 15, 1998 notice, Westport and Coregis lead Plainview to believe that there would be no change by indicating that the "Westport insurance specialists are the same Coregis insurance professionals who previously handled your coverage needs." Plainview likewise did not pay a reduced premium to Westport even though its coverage was reduced substantially.

25. Because of these and other revisions, Plainview's coverage was substantially reduced when its policy was transitioned from the the Coregis Policy to the Westport Policy. It was not given notice that these revisions substantially reduced its coverage in this regard. These revisions are void and the Coregis Policy terms and conditions apply where they provide broader coverage than the Westport Policy terms.

26. By reason thereof, an actual and justiciable controversy presently exists between Plainview and Westport as to whether the revisions to Plainview's coverage are void and the Coregis Policy terms and conditions apply where they provide broader coverage than the Westport Policy terms. Plainview seeks a judicial declaration that the revisions to Plainview's

coverage are void and that the Coregis Policy terms and conditions apply where they provide broader coverage than the Westport Policy terms.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment: Defense)**

26. Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

27. Pursuant to the Wesport Policy, with the appropriate terms and conditions of the prior Coregis Policy included, defendant was obligated to defend Plainview with respect to the Marigold Claim because Marigold was seeking "monetary damages" resulting from Plainview's alleged errors, omissions, negligent acts or breach of duty. In the alternative, if the plain meaning of the term "monetary damages" is held to exclude the amounts being paid by Plainview to Marigold, than those amounts constitute "relief or redress" other than monetary damages as provided under the Coverage for Nonmonetary Claims Endorsement of the Coregis Policy.

28. Plaintiff contends that coverage under the Policy is triggered under the errors and omissions liability coverages.

29. Westport has wrongfully taken the position that no potential for coverage exists under the various exclusions of the Policy. These exclusions do not apply because they were either eliminated by endorsement or they apply to other named insureds. Westport furthermore has refused to defend Plainview against the Marigold Claim.

30. By reason thereof, an actual and justiciable controversy presently exists between Plainview and Westport as to whether Westport had an obligation to completely and fully defend Plainview with respect to the Marigold Claim. Plainview seeks a judicial declaration that

Westport was obligated to defend Plainview with respect to the Marigold Claim pursuant to the insurance policies and the coverages therein for "wrongful acts".

**THIRD CAUSE OF ACTION**

**(Declaratory Judgment: Indemnification)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The Marigold Claim constituted a claim for damages arising from Plainview's alleged errors, omissions, negligent acts or breach of duty during the policy period. In the alternative, if the plain meaning of the term "monetary damages" is held not to encompass the amounts being paid by Plainview to Marigold, than those amounts constitute "other relief" (other than monetary damages), such as restitution, which is specifically covered under the Coverage for Nonmonetary Claims Endorsement of the Policy.

33. After Westport refused and failed to defend Plainview and otherwise participate in settlement negotiations and after good faith negotiations and notice to defendant, Plainview entered into a reasonable settlement with Marigold in exchange for a full and final release of all claims.

34. Westport declined Plainview's repeated requests that Westport participate in negotiations toward settlement of the Marigold Claim notwithstanding that the Marigold Claim is covered under the Policy. It has thus waived and is estopped to now raise any procedural conditions precedent to coverage that may have been required.

35. Westport continues to deny any obligation to indemnify Plainview for amounts incurred in settlement of the Marigold Claim.

36. By reason of the foregoing, an actual and justiciable controversy presently exists between the parties as to whether Westport has an obligation under the Policy to indemnify Plainview for all loss resulting from the settlement of the Marigold Claim.

**FOURTH CAUSE OF ACTION**

**(Breach of Insurance Contract)**

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiff has complied with all of the terms and conditions of the Policy.

39. Defendant breached the Policy by wrongfully denying coverage under the Policy for the Marigold Claim and wrongfully failing and refusing to defend and indemnify Plainview with respect to the defense and ultimate settlement of the Marigold Claim.

40. As a direct, proximate, and natural cause and result of defendant's breach of the Policy, Plainview has suffered damages, including defense and settlement costs, and will incur additional costs in the future which are covered under the terms of the Policy.

41. As a direct and proximate cause of defendant's breach, Plainview has furthermore incurred, and will continue to incur, attorneys' fees and costs in bringing this action to compel Westport's compliance with its contractual obligations under the Policy.

WHEREFORE, plaintiff requests judgment against defendant as follows:

a. On the first cause of action, that this Court determine and declare that the reductions in Plainview's coverage are void and that the Coregis Policy terms and conditions apply where they provide broader coverage than the Westport Policy terms;

b. On the second cause of action, that this Court determine and declare that Westport is obligated to pay all reasonable and necessary defense expenses, past, present, and future, incurred with respect to the Marigold Claim, plus interest;

c. On the third cause of action, that this Court determine and declare that Westport is obligated under its policy to fully and completely indemnify Plainview against all monies paid or to be paid in settlement of the Marigold Claim, plus interest;

d. On the fourth cause of action, that this Court determine and declare that Westport has breached its insurance contract with Plainview and that plaintiff is entitled to an award of damages thereon, plus interest;

e. On all causes of action, that this Court award Plainview all of its attorneys' fees, costs and disbursements incurred in this action, plus pre- and post-judgment interest, together with all such other and further relief as the Court may deem just and equitable in the circumstances.

Date: May 16, 2001.

**OPPENHEIMER WOLFF & DONNELLY LLP**

By:______________________________

Edward F. Fox (#3132X)
Timothy C. Krsul (#289814)

Plaza VII Building, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000

**ATTORNEYS FOR PLAINTIFF PLAINVIEW MILK COOPERATIVE**