**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

PLAINVIEW MILK COOPERATIVE,

Plaintiff,

Civil No. 01-63 DWF/AJB

v.

**ORDER**

WESTPORT INSURANCE CORPORATION,

Defendant.

This matter came before the Court on Plaintiff's motion to compel discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is dismissed in part, denied in part and granted in part;

2. Insofar as it seeks documents from attorney Jeffrey Goldwater, Plaintiff's motion presents no controversy and is therefore dismissed as moot;

3. After a thorough search of its facilities, Defendant shall:

   (a) produce all requested drafting history documents, or

   (b) certify that no such documents have been found;

4. If Defendant certifies that no requested drafting history documents have been found in its facilities, Defendant shall:

   (a) produce all requested drafting history documents within the custody of Employers Reinsurance Corporation ("ERC"), or

   (b)(i) certify that no such documents are in the possession of ERC, or (ii) explain, and certify, that its relationship with ERC is of such nature, or that those documents are of such nature, that they should not be deemed "in the possession, custody or control" of Defendant;

5. After a thorough search of its facilities, Defendant shall:

FILED SEP 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(a) produce all documents relating to or regarding Defendant's regulatory filing as referenced in Document No. West 000081, but only insofar as said documents relate to the regulatory filing in the State of Minnesota, or

(b) certify that no such documents have been found;

6. If Defendant certifies that the documents described in 5(a) have not been found in its facilities, Defendant shall:

(a) produce all documents described in 5(a), within the custody of ERC, or

(b)(i) certify that no such documents are in the possession of ERC, or (ii) explain, and certify, that its relationship with ERC is of such nature, or that those documents are of such nature, that those documents should not be deemed "in the possession, custody or control" of Defendant; and

7. The above directives shall be completed on or before October 5, 2001.

Dated: 9/24/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff seeks documents from Jeffrey Goldwater, the attorney who advised Defendant in drafting the non-profit liability insurance policy form that was issued to Plaintiff. Defendant has represented that Mr. Goldwater possesses no relevant documents. At this time, the Court has no reason to dispute this representation and so; to the extent that it seeks documents from attorney Jeffrey Goldwater, Plaintiff's motion presents no controversy and is therefore dismissed as moot.

Plaintiff also seeks certain drafting history documents and regulatory filing documents. Guided by FED. R. CIV. P. 26(b)(1), the Court concludes that the drafting history documents are

relevant, and that the regulatory filing documents are relevant, but only insofar as they relate to the regulatory filing in the State of Minnesota. Defendant should produce the aforementioned documents, even if they are in the possession of ERC, Defendant's parent company.

Having said that, the Court realizes that a party need only produce those documents which are under their "possession, custody or control." FED. R. CIV. P. 34(a). The Court also realizes that, sometimes, the relationship between a parent company and its subsidiary (or the nature of certain documents), is such that the Court cannot expect the subsidiary to produce documents within the custody of the parent company. At this point, however, Defendant has failed to demonstrate why it should not be required to produce the requested documents which are within the custody of ERC. Defendant has merely offered conclusory statements. Therefore, Defendant should either produce the requested documents or fully explain why those documents should not be deemed in its "possession, custody or control."[1] If Plaintiff is dissatisfied with Defendant's explanation, Plaintiff is free to return to Court and ask for further relief.

AJB

[1]For helpful background, Defendant should considered reviewing Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue, 839 F.2d 131, 139-42 (3rd Cir. 1988), and authority cited therein.